# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL GOMEZ,<br><br>                         Petitioner,<br><br>v.<br><br>TIMOTHY F. BUSBY, Warden,<br><br>                         Respondent. | Civil No.   10cv1115 BTM (PCL)<br><br>**REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS** |

## I.
## INTRODUCTION

Petitioner Leonel F. Gomez ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C §2254 on May 19, 2010. Respondent Timothy F. Busby ("Respondent") filed a Motion to Dismiss on December 10, 2010 contending that the Petition is an unexhausted mixed petition. (Doc. Nos. 13; 13-1) Petitioner did not file an Opposition to the Motion to Dismiss. After reviewing the Petition, the Motion and the supporting documents, the Court recommends the Motion to Dismiss be GRANTED.

/ /
/ /
/ /
/ /

-1-

## II.

## BACKGROUND

**A.     State Court Proceedings**

In May 2008, a jury convicted Petitioner of driving under the influence of alcohol and driving with a blood alcohol level of 0.08 or more, in violation of California Vehicle Code § 23152 (a) & (b) respectively. (Lodgment No. 1 at 1.) Petitioner admitted two prior prison term allegations and two prior conviction allegations of felony driving under the influence within ten years. (Id. at 1-2.) The trial court sentenced him to a prison term of five-years on the first count, and three-years on the second count to run concurrently with the first. (Id.) The court stayed the sentence on the second count pursuant to California Penal Code § 654.[1] (Id. at 2.)

The California Court of Appeal affirmed on August 24, 2009. (Id. at 1.) Petitioner had asserted three claims: (1) the prosecutor committed misconduct by vouching for a witness's testimony by making reference to evidence outside the record; (2) the court erred by not instructing the jury on a lesser included offense of attempted driving under the influence; (3) the court erred by running the sentence for the second count concurrently instead of merely staying the sentence under California Penal Code § 654. (Id. at 2.)

The California Supreme Court denied Petitioner's petition for review on November 10, 2009. (Lodgment No. 3.) The petition for review raised only claims (1) and (2) made to the Court of Appeal. (Lodgment No. 2 at 3.) The judgment became final on February 9, 2010. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed R. Civ. P. 6(a)(1); Sup Ct. R. 13(1). Petitioner has not sought collateral review of his conviction in state court. (Doc. No. 1 at 3-5.)

**B.     Federal Court Proceedings**

Petitioner filed this Petition for habeas corpus relief under 28 U.S.C. §2254 on May 19, 2010. (Doc. No. 1.) The Petition asserts two grounds for relief: (1) the trial court erred by not instructing the jury on the lesser included offense of attempted drunk driving; and (2) ineffective

---

[1] California Penal Code § 654 provides that an act or omission punishable by different provisions of the Penal Code is punished under the provision resulting in the longest prison sentence. No act or omission can be punished under more than one provision.

1  assistance of trial counsel for failure to raise an insanity defense. (Id. at 6-8.)[2] Petitioner admits that
2  his second ground for relief was not raised when seeking review by the California courts. (Id. at 8.)
3  Following two unsuccessful motions to proceed *in forma pauperis*, a third was granted on October 1,
4  2010. (Doc. No. 7.) On December 10, 2010, Respondent filed a motion to dismiss the petition
5  without prejudice, contending that the petition constitutes a mixed petition that must be dismissed.
6  (Doc. No. 13.) Petitioner did not oppose the Motion to Dismiss.

## III.

## DISCUSSION

### A.    Legal Standard

Prisoners in state custody wishing to challenge their confinement by initiating federal habeas corpus proceedings must first exhaust state judicial remedies with respect to each claim raised in their petition. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515 (1982); Ex parte Royall, 117 U.S. 24, 251 (1886). To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a particular claim before the state courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a federal claim to the state courts, as discussed directly above; or (3) when the state courts have rejected a claim on an independent and adequate state procedural ground. See Martinez v. Klauser, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994)).

When a petition presents some claims that have been exhausted in state court and other claims that have not been exhausted in state court, federal district courts will find these petitions to be "mixed" petitions. See, e.g., Jackson v. Roe, 425 F.3d 654, 658 (9th Cir. 2005). Considering a mixed petition containing unexhausted claims would violate the exhaustion requirement, and courts

---

[2] Due to an unnumbered inserted page in the Petition and for the purpose of clarity, the court's citations refer to the page number assigned by the docketing clerk.

will generally dismiss mixed petitions. See 28 U.S.C. § 2254 (b)-(c); Rose v. Lundy, 455 U.S. at 522. However, petitioners facing dismissal of a mixed petition are given the option of either: (a) returning to state court to exhaust their unexhausted claims; or (b) amending their petition by deleting unexhausted claims and proceeding on their exhausted claims alone. Rose at 510; Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

**B.     Analysis**

On direct appeal to the California Supreme Court, Petitioner presented two issues: (1) prosecutorial misconduct by "vouching for the primary witness against petitioner by referring to facts outside the record;" and (2) trial error for failure to instruct the jury on a lesser included offense. (Lodgment 2 at ii.)  The California Supreme Court issued a denial of the Petition for Review as to these issues on November 10, 2009.  (Lodgment 3.)  In his federal Petition, Petitioner asserts two grounds for relief: (1) trial error for failure to instruct the jury on the lesser included offense of attempted drunk driving; and (2) ineffective assistance of trial counsel for failure to raise an insanity defense. (Doc. No. 1, at 6-8.) Respondent contends his first claim or trial error has been fully exhausted and this court agrees. (Doc. No. 13-1 at 3.)  That claim was raised in essentially the same form and supported by the same facts on direct appeal before the California Court of Appeal and in the petition for review to the California Supreme Court. (See Lodgments 1; 2.)  Therefore, Petitioner's claim that the trial court erred in not instructing the jury on a lesser included offense of attempted drunk driving is fully exhausted.

However, Petitioner's second claim has not been adjudicated in the state courts. Regarding his failure to exhaust this claim, Petitioner states:

> Issue number 2 was not presented to the California Supreme Court nor the Appellate Court because petitioner is bringing this issue under the 'cause and prejudice' doctrine. The issue is captioned as: Trial Counsel was ineffective for failing to present an NGI settled insanity defense, in violation of the Sixth Amendment to the United States Constitution; petitioner was prejudiced thereby. Due process was also violated because petitioner's Apellate[sic] Attorney failed to raise an ineffective Assistance of counsel [claim] for trial counsel's failure to present the NGI defense.

(Doc. No. 1 at 5.) In light of this explanation, the Court notes Petitioner is actually making two additional claims: (1) ineffective assistance of trial counsel for failure to raise the "NGI" insanity defense; and (2) ineffective assistance of appellate counsel for failure to raise the claim of

ineffective assistance of *trial* counsel. (See Doc. No. 1-1 at 21.) Unfortunately for Petitioner, neither of these claims have been adjudicated in the state courts and remain unexhausted for purposes of 28 U.S.C. § 2254. Although Petitioner argues that his failure to exhaust is excused by the "cause and prejudice doctrine," Petitioner's argument is unpersuasive.

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless a petitioner makes a showing of adequate legal "cause" for the default, and "prejudice" arising from the default, which means that a miscarriage of justice will occur if the claim is not heard in federal court. See Murray v. Carrier, 477 U.S. 478, 488 (1986)(quotations added). To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. Id. To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." United States v. Frady, 456 U.S. 152, 170 (1982).

To the extent that Petitioner's arguments can be construed as demonstrating "cause" based on ineffective assistance of trial counsel, this argument fails. An independent ineffective assistance of counsel claim cannot serve as cause if that claim is itself procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Generally, a claim of ineffective assistance of counsel is raised to explain the cause for the procedural default of a different claim. In the instant case, Petitioner argues that his trial counsel's ineffectiveness is cause to excuse the procedural default of his ineffective assistance of counsel claim. However, Petitioner has not shown that he has previously raised this claim in the state courts. Because the ineffective assistance of counsel claim is itself procedurally defaulted, this claim cannot be used to establish cause to excuse the procedural default in state court. Petitioner otherwise fails to make a clear argument regarding cause to excuse the procedural default. Because petitioner has failed to show cause to overcome the procedural default, the Court need not address the prejudice prong. Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982); Roberts v. Arave, 847 F.2d 528, 530 n.3 (9th Cir. 1988) (where petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice). Similarly, Petitioner's

claim of ineffective assistance of *appellate* counsel fails for the same reason: Petitioner has not shown he previously raised this claim in the state courts.

Therefore, as Petitioner admits, his second and third claims are unexhausted under 28 U.S.C. §2254(b) and this petition contains exhausted and unexhausted claims for relief. Having determined that this is a "mixed petition," the District Court should grant Respondent's Motion to Dismiss. However, because the period of time for bringing a habeas corpus petition pursuant to 28 U.S.C. § 2244(d) has run, dismissing the Petition outright would prevent Petitioner from obtaining federal relief in the future. The Court therefore recommends the District Court give Petitioner the option of foregoing his unexhausted claim and proceeding with only his exhausted claim in federal court. Thereafter, if Petitioner fails to elect this option, the Court recommends the Motion to Dismiss be GRANTED.[3]

## IV.

## CONCLUSION

For the forgoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered GRANTING Respondent's Motion to Dismiss UNLESS within 30 days of the Court's Order Petitioner elects to amend his Petition by deleting his unexhausted claim and proceeding with his exhausted claim alone.

**IT IS ORDERED** that no later than **May 13, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

/ /

/ /

---

[3] Petitioner also makes a Request for Evidentiary Hearing in his Petition for Writ of Habeas Corpus. (Doc. No. 1 at 8; Doc. No. 1-1 at 39-40.) However, the Court concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not necessary or appropriate with respect to any of Petitioner's claims. The facts alleged in support of Petitioner's claims, even if established at an evidentiary hearing, would not entitle him to federal habeas relief for the reasons set forth above. Therefore, Petitioner's request for an evidentiary hearing should be denied.

1      **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
2 and served on all parties no later than **May 27, 2011**. The parties are advised that failure to file
3 objections within the specified time may waive the right to raise those objections on appeal of the
4 Court's order. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998; <u>Martinez v. Ylst</u>, 951 F.2d
5 1153, 1156 (9th Cir. 1991).

6   **IT IS SO ORDERED.**

7 **DATE: <u>April 22, 2011</u>**

                                                                      Peter C. Lewis
                                                                        U.S. Magistrate Judge
                                                                        United States District Court