UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL GOMEZ,<br><br>                    Petitioner,<br><br>    vs.<br><br>TIMOTHY F. BUSBY, Warden,<br><br>                    Respondent. | Civil No. 10cv1115-BTM (PCL)<br><br>**ORDER:**<br><br>**(1) DECLINING TO ADOPT THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) DENYING RESPONDENT'S MOTION TO DISMISS;**<br><br>**(3) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS; AND**<br><br>**(4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

Petitioner is a California prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) A San Diego County Superior Court jury convicted him of driving under the influence of alcohol and driving with a blood alcohol level of over 0.08 percent. (Pet. at 1.) He admitted two prior felony convictions for driving under the influence within the previous ten years, admitted he had served two prior prison terms, and was sentenced to five years in state prison. (Id.) Petitioner claims that his federal constitutional rights were violated because the trial court failed to instruct the jury on the lesser included offense of attempted driving under the influence (claim one); and because his trial attorney was ineffective in failing to raise an insanity defense (claim two). (Id. at 6-7.)

Although claim one was adjudicated on the merits in the state appellate and supreme courts, Petitioner admits that claim two has never been presented to any state court. (Id.) He contends, however, that because the failure to raise claim two in the state court was a result of ineffective assistance of appellate counsel, he has satisfied the "cause and prejudice" standard necessary to have a procedurally defaulted claim addressed on its merits in this proceeding. (Id. at 5, 7.)

Respondent has filed a Motion to Dismiss the Petition on the basis that it is a "mixed petition," that is, one containing both exhausted and unexhausted claims. (Doc. No. 13.) Petitioner has not filed an Opposition to Respondent's Motion.

Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Peter C. Lewis. (Doc. No. 13.) The Magistrate Judge found that claim one is exhausted, but that claim two consists of two unexhausted claims, one alleging ineffective assistance of trial counsel for failing to raise an insanity defense and the other alleging ineffective assistance of appellate counsel in failing to raise the ineffective assistance of trial counsel claim. (R&R at 4-5.) The Magistrate Judge found that Petitioner has not established cause to excuse a procedural default because a claim of ineffective assistance of counsel cannot be used as cause unless it too has been exhausted. (Id. at 5-6.) The Magistrate Judge therefore concluded that the Petition is "mixed," and recommended granting Respondent's Motion to Dismiss, with the provision that Petitioner be given the option of abandoning his unexhausted claims in order to avoid dismissal of the Petition. (Id. at 6.) Petitioner has not filed objections to the R&R.

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: " judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**1. Petitioner has Satisfied the Exhaustion Requirement**

Although Petitioner has not presented his ineffective assistance of counsel claims to the state courts, he has satisfied the technical requirements for exhaustion because he no longer has state court remedies available to him with respect to those claims. Cassett v. Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005) ("A habeas petitioner who has defaulted his federal claims in state

court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him."), quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991); see also 28 U.S.C.A. § 2254(c) (West 2006) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") In such a situation the claim is procedurally defaulted in this Court. Coleman, 501 U.S. at 735 n.1 (holding that a procedural default arises when a petitioner has "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.")

Based on California's rule barring untimely petitions for post-conviction relief, which the United States Supreme Court has found to be clearly established and consistently applied, Petitioner no longer has state court remedies available with respect to his ineffective assistance of counsel claims. See Walker v. Martin, 562 U.S. ___, 131 S.Ct. 1120, 1125-31 (2011) (holding that California's timeliness requirement providing that a prisoner must seek habeas relief without "substantial delay" as "measured from the time the petitioner or counsel knew, or should reasonably have known, of the information offered in support of the claim and the legal basis for the claim," is clearly established and consistently applied), citing In re Robbins, 18 Cal.4th 770, 805 (1998) (holding that a habeas claim "that is substantially delayed" will not be considered unless "the petitioner can demonstrate 'good cause' for the delay.") The United States Supreme Court has stated that federal habeas courts should not treat California's timeliness rules as differing significantly from other states which consider petitions untimely after unexplained delays of thirty or sixty days. Evans v. Chavis, 546 U.S 189, 199-201 (2006), citing Carey v. Saffold, 536 U.S. 214, 219 (2002).

Petitioner states that he asked his trial counsel to present an insanity defense but counsel ignored the request. (Pet. at 7.) Thus, Petitioner could have presented his ineffective assistance of trial and appellate counsel claims to the state appellate court in a habeas petition before or immediately after his conviction was affirmed by the appellate court on August 24, 2009. Based on Petitioner's unexplained delay of two years and counting in presenting these claims, it

1  appears that he has no available state court remedies remaining for the claims, which arose
2  during his trial and appellate proceedings, and he has therefore met the technical requirements
3  of exhaustion as to these claims and has procedurally defaulted the claims. Cassett, 406 F.3d
4  at 621 n.5; Coleman, 501 U.S. at 735 n.1. Nevertheless, as discussed below, Petitioner's
5  ineffective assistance of counsel claims are without merit, and they may be denied on the merits
6  notwithstanding Petitioner's failure to present them to the state court and notwithstanding any
7  procedural default. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may
8  be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies
9  available in the courts of the State."); Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1992)
10 (holding that the exhaustion requirement is generally inapplicable to claims which do not present
11 a colorable claim for relief); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (noting that
12 when habeas claims are easier to resolve on their merits, the interests of judicial economy
13 counsel in favor of disposing of the petition on the merits rather than deciding more complex or
14 difficult procedural issues).

15    Accordingly, the Court **DECLINES** to adopt the Magistrate Judge's findings and
16 conclusions. The Court finds that all claims in the Petition satisfy the exhaustion requirement.
17 Respondent's Motion to Dismiss the Petition on the basis that it contains unexhausted claims is
18 **DENIED**. The Court will proceed to rule on the merits of Petitioner's claims.

19    **2. Claim One**

20    Petitioner alleges in Claim One that the trial court should have instructed the jury on the
21 lesser included offense of attempted drunk driving. (Pet. at 6.) This claim was presented to the
22 state supreme court in a petition for review and denied without a statement of reasoning.
23 (Lodgment Nos. 2-3.) The Court will therefore look to the last reasoned decision by the state
24 court, which in this case is the appellate court opinion on direct appeal, in order to determine
25 whether the state court's adjudication of the claim was contrary to, or involved an unreasonable
26 application of, clearly established federal law, or was based on an unreasonable determination
27 of the facts. Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991); 28 U.S.C. § 2254(d); Williams v.
28 Taylor, 529 U.S. 362, 405-07 (2000).

The appellate court denied the claim, stating:

> A trial court is required to instruct the jury "sua sponte, on all theories of a lesser included offense which find substantial support in the evidence." (*People v. Breverman* (1998) 19 Cal.4th 142, 162.) No such instruction is required, however, "on theories that have no such evidentiary support." (*Ibid*.) Consequently, an instruction on a lesser included offense is not required "when the evidence shows that the defendant is either guilty of the crime charged or not guilty of any crime" (*People v. Barton* (1995) 12 Cal.4th 186, 196, fn. 5), and no instruction is required when "there is no proof, other than an unexplainable rejection of the prosecution's evidence, that the offense was less than that charged." (*People v. Kraft* (2000) 23 Cal.4th 978, 1063.) "Speculation is insufficient to require the giving of an instruction on a lesser included offense." (*People v. Mendoza* (2000) 24 Cal.4th 130, 174.)
>
> Here, there was no evidence presented that Gomez was preparing to drive while intoxicated when Officer Taylor arrived, but was thwarted by the officer's actions. He never attempted to start his ignition or move his truck as Officer Taylor arrived. His keys were found in his pants pocket. Thus, if the jury believed that Gomez only became intoxicated after moving his truck, the proper verdict would have been an acquittal, not a conviction for attempted driving under the influence. (*People v. Barton, supra*, 12 Cal.4th at p. 196, fn. 5.)
>
> Further, there is no evidence to suggest that he only started drinking to intoxication after he moved the truck. Rather, all evidence presented indicated he was intoxicated when he arrived at the warehouse. Any claim otherwise is speculative. (*People v. Mendoza, supra*, 24 Cal.4th at p. 174.) Thus, the court did not err in failing to instruct the jury sua sponte on the lesser included offense of driving under the influence.

(Lodgment No. 1, People v. Gomez, No. D053651, slip op. at 7-8 (Cal.App.Ct. Aug. 20, 2009).)

In Bashor v. Risley, the Ninth Circuit stated that generally the "[f]ailure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." Bashor, 730 F.2d 1228, 1240 (9th Cir. 1984), quoting James v. Reese, 546 F.2d 325, 327 (9th Cir. 1976). The Court also recognized that "[t]his general statement may not apply to every habeas corpus review, because the criminal defendant is also entitled to adequate instruction on his or her theory of defense." Bashor, 730 F.2d at 1240; see also Bradley v. Duncan, 315 F.3d 1091, 1098-1101 (9th Cir. 2002) (finding federal due process violation in a post-AEDPA habeas case where defendant's request for instruction on the only theory of defense was denied); see also Solis v. Garcia, 219 F.3d 922, 929 (9th Cir. 2000) (holding that "the refusal by a court to instruct a jury on lesser included offenses, when those offenses are consistent with defendant's theory of the case, may constitute a cognizable habeas claim" under clearly established United States Supreme Court precedent.)

Evidence introduced at trial established that Petitioner was intoxicated when he arrived at the warehouse in his truck, and that he spoke to a friend for about 45 minutes to an hour before his friend asked him to move the truck because it was blocking a delivery door. (Lodgment No. 1, People v. Gomez, No. D053651, slip op. at 2-3.) Petitioner moved his truck about 25 feet while his friend, who had observed signs that Petitioner was intoxicated, called the police. (Id. at 3.) A police officer arrived about ten minutes later and observed Petitioner sitting in the driver's seat of the truck. (Id. at 3.) The officer observed signs of intoxication as Petitioner stumbled when he attempted to exit the truck, and his blood alcohol level was measured at 0.28 percent about an hour later. (Id.)

As the state appellate court correctly pointed out, there was no evidence presented at trial that would have supported a jury instruction on the charge of attempted driving while intoxicated. Rather, there was evidence that Petitioner arrived at the warehouse intoxicated and was intoxicated when he moved his truck a short distance soon thereafter. When the police officer arrived a short time later, Petitioner's keys were in his pocket and he made no effort to start or to drive his truck. Even if, as Petitioner contends, he became intoxicated during the ten minutes after he moved his truck and before the officer arrived, the appellate court correctly pointed out that the proper verdict would have been acquittal under that scenario because there was no evidence Petitioner drove or attempted to drive after he moved his truck, and no evidence to suggest he became intoxicated after he moved his truck. Because a charge of attempted driving while intoxication was not consistent with Petitioner's defense and was not supported by the evidence, no due process violation arose from the failure to instruct the jury on the lesser included offense. Bradley, 315 F.3d at 1098-1101; Solis, 219 F.3d at 929; Bashor, 730 F.2d at 1240; Reese, 546 F.2d at 327.

Thus, the state appellate court's denial of claim one on the basis that there was no evidence supporting a defense of attempted driving while intoxicated, and therefore no basis to instruct the jury on the lesser included offense, was neither contrary to, nor involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. See Harrington v. Richter, 562 U.S. ___, 131 S.Ct. 770,

1  786-87 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner
2  must show that the state court's ruling on the claim being presented in federal court was so
3  lacking in justification that there was an error well understood and comprehended in existing law
4  beyond any possibility for fairminded disagreement.")

5  In addition to the possibility of demonstrating a due process violation based on the failure
6  to instruct on a theory of the defense, clearly established federal law provides that in order to
7  establish a violation of his federal due process rights by the failure to give a requested jury
8  instruction, Petitioner must demonstrate that the instruction should have been given, and that its
9  omission "so infected the entire trial that the resulting conviction violates due process."
10 Henderson v. Kibbe, 431 U.S. 145, 154 (1977), quoting Cupp v. Naughten, 414 U.S. 141, 147
11 (1973).  Where the failure to give an instruction is in issue, the burden on the petitioner is
12 "especially heavy." Kibbe, 431 U.S. 154.  Moreover, even if the trial court's failure to give the
13 instruction violated due process, habeas relief would still not be available unless the error had
14 a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v.
15 Abrahamson, 507 U.S. 619, 637 (1993); California v. Roy, 519 U.S. 2, 5 (1996).

16 Petitioner has not carried his "heavy burden" of showing that the lesser included offense
17 instruction should have been given at his trial for the reasons set forth above, namely, there was
18 no evidence to support giving the instruction.  Moreover, its omission could not have infected
19 the entire trial with unfairness because, as the appellate court pointed out, there was no evidence
20 that Petitioner was preparing to drive when he was arrested.  Although he was sitting in the
21 driver's seat, he never attempted to start the ignition or move his truck, and his keys were in his
22 pocket.  Thus, it is clear that the failure to instruct in this regard could not have had any adverse
23 effect whatsoever on the jury's decision, much less the "substantial and injurious effect"
24 required to show the error was harmful. Brecht, 507 U.S. at 637; Roy, 519 U.S. at 5.

25 The state court's adjudication of claim one is not contrary to clearly established federal
26 law, is not an objectively unreasonable application of that law, and is not based on an
27 unreasonable determination of the facts in light of the evidence presented in the state court
28 proceedings.  Habeas relief is therefore unavailable as to this claim.

**3. Claim Two**

Petitioner alleges in claim two that his trial counsel was ineffective for failing to present an insanity defense. (Pet. at 7.) Petitioner contends that he told his trial attorney that he was not feeling well at the time of his arrest, and that "most of his life he drank continuously and took all sorts of medication that were prescribed to him for, inter alia, heart problems and depression." (Id.) Petitioner also contends that his appellate counsel was ineffective for failing to raise a claim based on trial counsel's failure to present an insanity defense. (Id.)

For ineffective assistance of counsel to provide a basis for habeas relief, Petitioner must demonstrate two things. First, he must show that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, he must show counsel's deficient performance prejudiced the defense. Id. This requires showing that counsel's errors were so serious they deprived Petitioner "of a fair trial, a trial whose result is reliable." Id. To satisfy the prejudice prong, Petitioner need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. Williams, 529 U.S. at 406; Strickland, 466 U.S. at 694. A reasonable probability in this context is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The prejudice inquiry is to be considered in light of the strength of the prosecution's case. Luna v. Cambra, 306 F.3d 954, 966 (9th Cir.), amended, 311 F.3d 928 (9th Cir. 2002). "Surmounting *Strickland*'s high bar is never an easy task." Padilla v. Kentucky, 559 U.S. __, 130 S.Ct. 1473, 1485 (2010).

Because this claim was never presented to the state court, AEDPA deference does not apply, and the Court will review the claim de novo. Pirtle v. Morgan, 313 F.3d 1160, 1167-68 (9th Cir. 2002). Nevertheless, Petitioner still bears the burden of establishing that a federal constitutional violation resulted from the alleged deficient performance of his trial and appellate counsel. See Hayes v. Brown, 399 F.3d 972, 978 (9th Cir. 2005) (en banc) (noting that pre-AEDPA habeas review provides that "state court judgments of conviction and sentence carry a presumption of finality and legality and may be set aside only when a state prisoner carries his

burden of proving that [his] detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution.").

Petitioner admits that in order to have an insanity defense available at his trial, his mental condition at the time of the offense would have had to render him incapable of understanding the difference between right and wrong. (Pet. at 7.) To present an insanity defense, Petitioner would have had the burden at trial of demonstrating by a preponderance of the evidence that he was incapable of knowing or understanding the nature and quality of his acts and of distinguishing right from wrong. People v. Kelly, 1 Cal.4th 495, 533 (1992); see also People v. Mejia-Lenares, 135 Cal.App.4th 1437, 1447 (2006) (an insanity defense in California is available only to defendants "incapable of knowing or understanding the nature and quality of his or her act and of distinguishing right from wrong at the time of the commission of the offense.") Although Petitioner argues that he was not feeling well at the time of the incident and was suffering mental and physical ailments caused by long-term alcohol and prescription drug use (see attachment to Pet. at 24-61), he provides no support for his contention that he was unable to distinguish right from wrong at the time of the offense, and does not identify which element of the offense of driving while intoxicated could have been negated by evidence of his mental condition. See People v. McNorton, 91 Cal.App.4th Supp. 1, 5 (Cal.App.Super. 2001) ("To establish the elements of driving under the influence of alcohol, the prosecution must prove that (1) a person, (2) while under the influence of alcohol, (3) drove a vehicle."); People v. Gutierrez, 180 Cal.App.3d 1076, 1082 (Cal.App. 1986) ("[E]vidence of mental illness may be offered to show the absence of specific intent but not to prove the absence of general intent."); United States v. Burnim, 576 F.2d 236, 237-38 (9th Cir. 1978) (mental impairment caused by pathological intoxication does not provide a basis for an insanity defense). Thus, Petitioner's contention that he could have demonstrated at trial that he was incapable of knowing that the act of driving while intoxicated was wrong relies on unsupported speculation, and is seemingly discredited by his two prior felony convictions for driving while intoxicated. Speculative and conclusory allegations are insufficient to prove that counsel provided ineffective assistance. Blackledge v. Allison, 431 U.S. 63, 74 (1977); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Petitioner has not alleged facts which, if true, would demonstrate that counsel was deficient in failing to present an insanity defense, or that had such a defense been presented to the jury there is a reasonable probability that the result of his trial would have been different. Strickland, 466 U.S. at 694.  For the same reason, Petitioner cannot succeed on an ineffective assistance of appellate counsel claim.  Featherstone v. Estelle, 948 F.2d 1497, 1507 (9th Cir. 1991) (where "trial counsel's performance, although not error-free, did not fall below the Strickland standard[,] . . . petitioner was not prejudiced by appellate counsel's decision not to raise issues that had no merit."); Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (stating that an attorney's failure to raise a meritless legal argument does not constitute ineffective assistance); Gustave v. United States, 627 F.2d 901, 906 (9th Cir. 1980) ("There is no requirement that an attorney appeal issues that are clearly untenable.")  Accordingly, habeas relief is not available as to claim two.

## CONCLUSION AND ORDER

The Court **DECLINES** to adopt the findings and conclusions of the Magistrate Judge, **DENIES** Respondent's Motion to Dismiss, and **DENIES** the Petition for a Writ of Habeas Corpus.  The Court **DECLINES** to issue a Certificate of Appealability.

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 1, 2011

　　　　　　　　　　　　　　　　　　Honorable Barry Ted Moskowitz
　　　　　　　　　　　　　　　　　　United States District Judge